LOCAL 930, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICI-
PAL EMPLOYEES, AFL-CIO, by ROBERT L. WRUCK, as
Secretary-Treasurer, as Collective Bargaining Representative
for the Employees of Erie County Water Authority, Appel-
lant *v.* ERIE COUNTY WATER AUTHORITY et al., Respondents.

Fourth Department, April 13, 1972.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* (*Lawrence Schulz, Richard Lipsitz* and *Carmin R. Putrino* of counsel), for appellants.

*John P. Noble* (*Nicholas Konst* of counsel), for Erie County Water Authority, respondent.

*Norbert M. Phillips* (*Steven W. Davis* of counsel), for New York State Labor Relations Board, respondent.

*Martin L. Barr* (*Robert Miller* of counsel), for Public Employment Relations Board, respondent.

WITMER, J. Local 930 American Federation of State, County and Municipal Employees, AFL-CIO, Lackawanna, New York, as collective bargaining representative of the employees of Erie County Water Authority (the Union) appeals from the order and judgment of the Supreme Court, Erie County Special Term, dismissing its complaint on motion by defendants in an action for judgment declaring the rights of the Union and its member-employees with respect to the acts of the Erie County Water Authority (the Authority) in deducting two days' pay for one day's absence from work by a large number of said employees on September 15, 1970. In the action the Union seeks a declaration that its members had the right to strike on that date and hence that the Authority had no right to fine them for their absence. The Union also asserts that the defendant Public Employment Relations Board (PERB) has no right to conduct procedures against the Union or its members under section 210 of the Civil Service Law to determine whether there was a strike and, if so, whether plaintiff's right to dues check-off by the Authority should be forfeited to any extent. The State Labor Relations Board (SLRB) was made a party to the action because plaintiff contends that at the time of the alleged strike its employees were not " public employees " and were authorized by statute to strike in the course of collective bargaining, with respect to which the Labor Law (art. 20) applied and SLRB was the appropriate supervising administrative agency.

The resolution of the questions presented on this appeal depends upon the interpretation of statutes and an understand-

ing of an opinion of this court in *Erie County Water Auth.* v. *Kramer* (4 A D 2d 545, affd. 5 N Y 2d 954) all in light of the knowledge and understanding of the Union and the Authority as shown by agreements between them made in 1960 and 1969.

Under section 1053 of the Public Authorities Law the Erie County Water Authority was created (subd. 1) as "a body corporate and politic constituting a public benefit corporation", "subject to the provisions of the civil service law" (subd. 3). The Authority was to take over an existing private water company, and section 1059 of that law provided that, "The Authority shall be deemed an employer within the meaning of the state labor relations law". By chapter 1082 of the Laws of 1971, effective July 2, 1971, enacted after this action was begun, section 1059 of the Public Authorities Law was amended to delete the last-quoted sentence. Plaintiff argues that the presence of that sentence in the law at the time of the alleged strike on September 15, 1970 and its deletion during the pendency of this action established that at the time of the alleged strike its members were "private employees" of a "private employer" and entitled to the recognized right of private employees to strike. In addition to the presence of the above-quoted sentence in the statute at the time of the alleged strike, plaintiff relies upon the decision of this court in *Erie County Water Auth.* v. *Kramer* (*supra*), in which it was held that the Authority's employees had the right to engage in collective bargaining with it. From this, and certain language in the opinion, plaintiff concludes that prior to the amendment of July 2, 1971 its employees were "private" and entitled to strike.

Section 201 (subd. 7, par. [e]; L. 1967, ch. 392) of the Civil Service Law includes in the definition of "public employer" "a public authority, commission, or public benefit corporation" and subdivision 8 thereof provides that, "The term 'public employee' means any person holding a position by appointment or employment in the service of a public employer". These definitions describe the status of the Authority and the Union and its members. Subdivision 1 of section 210 of that law provides that, "No public employee or employee organization shall engage in a strike". The substance of this provision has long been the policy and law of this State (see *City of New York* v. *De Lury,* 23 N Y 2d 175, 182–187; Civil Service Law, § 200).

In 1960 the Union entered into an agreement with the Authority in which it was recited that the Authority is a public benefit

corporation and that the Union recognized that its members in the Authority's employment were "public employees" subject to the Civil Service Law and without the right to strike. This agreement between the parties was renewed in 1969 by instrument also containing those provisions.

Despite these express agreements and the long-standing policy of this State against the right of public employees to strike, the Union contends that the quoted sentence in section 1059 of the Public Authorities Law under which the Authority was created, stating that the Authority is an employer within the meaning of the State labor relations law (deleted in 1971) and the holding of this court in the *Kramer* case (*supra*), that the Authority's employees have the right to bargain collectively, endowed such employees with the character of private employee with the right to strike, until the effective date of the amendment, July 2, 1971. One of the reasons assigned by the Union for this conclusion is that there was a conflict in the statutory provisions, above noted, resulting in confusion in law as to whether the activities of its employees were subject to the supervision of the State Labor Relations Board or the Public Employment Relations Board and that the Union should be given the benefit of the doubt.

We find little basis for the Union to take solace in the *Kramer* opinion. In that case we sustained the right of the Authority's employees to bargain collectively, but we carefully pointed out by way of dictum that the right to engage in collective bargaining does not free the employees from the stricture of the Civil Service Law which denies them the right to strike (pp. 552–554), and in the Court of Appeals' affirmance without opinion, the Reporter noted respondent's argument "that it was not inconsistent to require petitioner to bargain collectively with its employees even though they fell within the operation of the Civil Service Law" (5 N Y 2d 954, 956). Our dictum was cautionary advice to such employees and was wholly consonant with the established policy of the State as continued in this respect in the Taylor Law (Civil Service Law, art. 14, enacted by L. 1967, ch. 392; see § 200).

The record does not sustain the Union's contention that a jurisdictional dispute exists in this case between the SLRB and the PERB. Insofar as each board had authority to act with respect to this Union and its employees prior to July 2, 1971, there was no dual action, and it appears that PERB acted to supply mediation and fact-finding services, jurisdiction over which SLRB made no claim. In no way was the Union or its

employees prejudiced by their status as public employees during the pertinent period; and the question of the respective jurisdictions of SLRB and PERB over unfair labor practices prior to July, 1971 is irrelevant with respect to the right of the Union employees to strike against the Authority.

In view of the state of the law in this area, as fully recognized by the Union in its agreements with the Authority, the statutes differentiating the rights of public employees with those of private employees, and the clear exposition made in the *Kramer* case, we find no substance to the Union's contention that its members had the right to strike or that at least the law was contradictory and confusing so that neither it nor its employees should be punished for striking. Special Term reached this same conclusion, but it erred in dismissing the complaint herein, since the action is for a declaratory judgment and the rights of the parties should have been declared (*Lanza v. Wagner,* 11 N Y 2d 317, 334; *Town of Pittsford v. Gallea,* 25 A D 2d 479, affd. 18 N Y 2d 920; *Messina v. City of Batavia,* 38 A D 2d 678; 24 Carmody-Wait 2d, New York Practice, § 147:37).

The order and judgment appealed from should, therefore, be modified to reverse the provision dismissing the complaint and to declare the rights of the parties consistent with this opinion, to wit, that at all pertinent times the Authority was a public employer and the Union member-employees of the Authority were public employees subject to the provisions of the New York Civil Service Law; and as so modified the order and judgment should be affirmed.

MARSH, J. P., MOULE, CARDAMONE and HENRY, JJ., concur.

Order and judgment unanimously modified in accordance with the opinion and as so modified affirmed, without costs.